FILED

2016 Dec-15  PM 01:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA



|  |  |  |
|---|---|---|
| **MESIAH ABERCROMBIE** | * | |
| (Petitioner) | * | |
| | * | |
| **VS.** | * | Case#_____ |
| | * | |
| **JENNIFER HEAD** | * | CV-16-HS-2009-S |
| (Respondent) | * | |

### ORIGINAL PETITION FOR DECLARATORY AND INJUNCTIVE RELIEF

Petitioner, **MESIAH ABERCROMBIE**, *pro se*, asserts the following arguments for the above-mentioned relief:

### JURISDICTION AND VENUE

The jurisdiction of this Court is invoked pursuant to the Acts of Congress known as 28 U.S.C. §1331 and 42 U.S.C. §1983, as this matter involves the application of the laws of the United States, specifically the United States Constitution and the First, Sixth, Seventh, and Fourteenth Amendments to the Constitution. This court also has original jurisdiction to hear petitions for declaratory and injunctive relief pursuant to 28 U.S.C. 2201 and supplemental jurisprudence. Likewise, this Court has venue over this matter pursuant to 28 U.S.C. §1391(b)(1), as the acts complained of in this action occurred in the judicial district in which this Court sits.

### FEDERAL QUESTION/STATEMENT

"If inaccuracies in the transcript adversely affected the outcome of the criminal proceedings, then the plaintiff's constitutional rights would be violated. *Tedford v. Hepting*, 990 F.2d 747 (3ʳᵈ Cir. 1993). A plaintiff states a claim on which relief could be granted insofar as the

1

alleged errors and omissions in his transcript prejudice an appeal of his conviction. Where a state provides a statutory right to appeal, that right must meet the constitutional requirements of due process. *Douglas v. California*, 372 U.S. 353 (1963). If a state fails to afford a fair and adequate procedure for settling transcripts on which to base such an appeal, or if a state official intentionally alters a transcript in a way that prejudices a defendant's appeal, the due process clause of the Fourteenth Amendment might be violated. *See United States v. Pratt*, 546 F.2d 89, 91 (1ˢ Cir. 1981) (delay in producing transcripts as a violation of due process), *cert. denied*, 454 U.S. 881 (1981). To prove such a violation, the plaintiff would have to show either the unfairness of available settlement procedures or the existence of intentional tampering; then he would have to prove the alleged errors and omissions in the trial transcript prejudice his statutory right to appeal. *Burrell v. Swartz*, 559 F.Supp. 91, 92 (S.D. NY, 1983).

## FACTUAL AND PROCEDURAL HISTORY

1.      Petitioner, Mesiah Abercrombie, is a citizen of the United States and the State of Alabama and is over the age of majority.

2.      Respondent Jennifer Head is one of the Official Court Reporters for the Circuit Court of Shelby County, Alabama and is over the age of majority.

3.      Petitioner is currently incarcerated. On March 21, 2011, the undersigned pled guilty to first-degree robbery and was sentenced to life in prison without the possibility of parole. That conviction and sentence remained unaltered throughout the direct appeal process.

4.      On May 13, 2013, Petitioner filed his first Rule 32 petition (postconviction collateral appeal) alleging ineffective assistance of counsel. That petition was eventually granted and Petitioner's plea and sentenced were vacated. Petitioner subsequently entered a joint agreement

with the State in which he pled guilty to third-degree and was sentenced as a habitual felony offender to 30 years in prison. This plea occurred during a hearing on August 4, 2014.

5.      However, Petitioner's rights were still violated. At this second hearing, Petitioner was informed that probation was a part of his plea. (see attached affidavit). However, Petitioner cannot cite this information in an appeal and/or subsequent Rule 32 petition because neither the court reporter (Miss Head) nor the judges[1] will produce the **REAL** transcript of the these proceedings.

6.      The state courts have denied Petitioner's repeated requests for the real transcript. However, Petitioner has proof that the produced transcripts have been altered. Consider the attached three altered transcripts that have been produced. (see attached). Transcript 1 and Transcript 3 and nearly identical. However, they differ from Transcript 2 in several respects:

**"Not that, judge" (5:11, Trans. 1)          "No, judge" (5:5, Trans. 2)**

**"...possibility of parole" (4:5, Trans. 1)    "...possibility of patrol" (4:4, Trans. 2)**


**"That's the way they ordinarily calculate. Now what they would do on this occasion, I don't know". (10:10-12, Trans. 1)**

**"That is the way they ordinarily calculate. What they do on this occasion, I don't know". (9:16-17, Trans. 2)**


**"..advice of rights document" (10:16, Trans. 1) "..advise of rights document" (9:22, Tran. 2)**

**"..originally charging you with the crime" (12:9, Trans. 1)**

**"..originally charging with the crime" (11:14, Trans. 2)**

---

[1] The matter was initially heard by Circuit Court Judge G. Daniel Reeves. Judge Reeves has since retired from the bench and Judge Lara Alvis now presides in that seat.

"Not that I <u>they</u> think of, no, sir." (16:20-21, Trans. 1)

"Not that I think of, no, sir." (15:19, Trans. 2)

"You have a right to have pre sentence investigation report prepared in this matter, but I understand that you wish to waive that right and be sentenced today"; 16:3-5, Trans. 1)

"You have a right to have <u>a</u> pre sentence investigation report prepared in this matter.<u> I understand that you wish to waive that right and be sentenced today"; (15:1-4, Trans. 2)

7.      (see attached transcripts). The above alterations cited are not ALL of the changes made in the transcripts. There are plenty of small spelling changes (e.g., "advise" and "advice") that are noticeable when you look at Transcripts 1 and 2. Clearly, there was an attempt to "clean up" the record in Transcript 2. While certain misspelled words might be common, the Court can certainly note that in the different versions, many of the sentences <u>are on completely different lines and pages</u>. However, Miss Head, the court reporter, certified that all of these transcripts are complete and accurate.

8.      As the Court can see, none of these transcripts are accurate. The only way for a sentence to be on "Page 15, line 1-4" in one transcript but appear on "Page 16, line 3-5" in another transcript is to have certain lines removed. This causes the lines and pages to not match up. It was due to the state court not being able to reconcile the differences that Petitioner was able to get his life sentence vacated. The appellate court could not trust the trial court record.

9.      Petitioner asserts that the portion of the proceedings in which probation was mentioned during his sentencing was omitted. Petitioner is not seeking money damages. Petitioner only wants the <u>real, original transcript</u> of the August 4, 2014 hearing so that he can properly prepare his future filings in state court and to know who told Miss Head to make the changes.

4

## PRAYER FOR RELIEF

For these reasons, Petitioner requests the following relief:

(a) An order declaring that Petitioner has a due process right to have a copy of the transcript of the August 4, 2014 proceeding under the Fourteenth Amendment so he can file an appeal in state court and to have this order transmitted to Shelby County Circuit Court;

(b) An order from this Honorable Court compelling the Respondent, Miss Jennifer Head, to produce the **real, original transcript** of the August 4, 2014 proceeding AND produce the original audio recording from which the transcript was transcribed and to state in court or at a deposition who told her to make the changes in the transcripts;

(c) An order enjoining Respondent from producing any further inaccurate and altered transcripts;

(d) Any further relief Petitioner may be entitled to.

Respectfully Submitted,
*Pro Se* Petitioner

Mesiah Abercrombie, AIS#241476
c/o Donaldson Correctional Facility
100 Warrior Lane
Bessemer, Alabama 35023-7299

## REQUEST FOR SERVICE

### PLEASE SERVE THE DEFENDANTS AT THE FOLLOWING ADDRESSES:

**Respondent Jennifer Head**
**Shelby County Courthouse**
**112 North Main Street**
**Columbiana, Alabama 35051**

**Alabama Attorney General's Official**
**Criminal Division**
**501 Washington Avenue**
**Montgomery, AL 36130**

**Rodriguez v. Carhart, et. al., 73 F.3d 355 (1ª Cir., 1996)**-appealed district court dismissal of 1983 against court reporter and other court officials. First Circuit affirmed dismissal under *Heck v. Humphrey*, citing that the lawsuit was really just a challenge to a wrongful conviction (how do we get around this??)

"plaintiff need to show that the alleged transcript errors specifically prejudiced his ability to perfect an appeal" Dyches v. Martin, 2014 WL 1093133 (D.S.C. Mar. 17, 2014)

"If inaccuracies in the transcript adversely affected the outcome of the criminal proceedings, then the plaintiff's constitutional rights would be violated", Tedford v. Hepting, 990 F.2d 747 (3ʳᶜ Cir., 1993)

**Antoine v. Byers & Anderson, Inc., 508 U.S. 429 (1993)**- Held: a court reporter is not absolutely immune from damages liability for failing to produce a transcript of a federal criminal trial. The defendant/respondent bears the burden of establishing the immunity that they claim and court reporters are not among the class of persons protected by judicial immunity. Since court reporters are charged by statute with producing a verbatim transcript for inclusion in the official record, their job requires no discretionary judgment. Thus, court reporters are not entitled to immunity as part of the judicial function.

In addition, for the reasons delineated above, notice the conspirators attempt to cover up nepotism between Abercrombie's trial counsel (whom) ineffective assistance of counsel claims were filed against via Rule 32.  The conspirators done a sloppy job in attempt to delete nepotism between Abercrombie's counsel and the court.  [See Exhibit B at page 14 lines 8 through 21].

Abercrombie's counsel were snuffing out major issues that were favorable to Abercrombie in the under addressed portions of the pending issues in Abercrombie's Rule 32 on remanded appeal, the Alabama Court of Criminal Appeals only choose a few issues out of a list of other meritorious issues.  The Alabama Court of Criminal Appeals judges did not address back their remanded with instruction the matters on other meritorious claims and one of the major issue that was not addressed was the fact the same judge did not questioned Abercrombie in the 2011 plea colloquy and the record reflected the fact, and before the same judge again was just about to accept another plea of guilty without again question Abercrombie about the heavy dosages of mental illness medication Tart (Abercrombie's counsel inferferred and reminded the trial court to question Abercrombie about taking medication.  (TART DIVIDED ROYALITIES BETWEEN Abercrombie and the State at the point extreme nepotism surfaced on the face of the record).  (The buddy system).  [See page 14 lines 16 and 17].  The Court: Thank you, Mr. Tart.  Mr. Tart: Sure., and in the illegally altered transcripts the conspirator Ms. Head removed this nepotism

evidence from the record. [See Altered Transcripts]. The line
#17 is completely removed from the history of what was actually said
and occurred on that day in court, history and occurrance were re-
written by Ms. Head, and notice that the altered transcripts with
entire missing and deleted lines. Also, has other evidence. It
also, has the wrong case number year on the cover of its transcript.
The correct case number year is CC-08-1833 in which Abercrombie was
arrested, charged and indicted in 2008, and the more falsified
transcript counterfeited copies has the incorrect case number year
of CC-12-1833, Abercrombie case did not occurred in 2012, and also,
the copies are not in compliance of authentication, idenification,
and certification rules, due to any of the falsified copies are not
signed by Ms. Head. Further, the falsified copies are in violation
of Fed.R.Evid. 1001(4), and also, in violations of Federal and State
duplication Rules, also, argue the fact that by the transcript being
illegally and undenible altered with the wrong case number on its
cover, page(s), the conspirator Ms. Head has clearly deprived
Abercrombie his 1st Amendment Right to petition the court (or Govern-
ment) by hindering Abercrombie by the means of fraud, "the conspir-
ator to deprive Abercrombie of his right to a true, complete and
accurate copy of his transcript of official hearing, such a violation,
also, caused a chain reaction of violations of Abercrombie's U.S.
Constitutional Rights to a successful and effective appeal, and
sabutaged Abercrombie's right for a review of the record by appellate
court judges.

The Shelby County Circuit Judge denied Abercrombie his right to confront and cross examine Ms. Head, when this issue was brought to the trial court's attention via motions.   The State opted for hearing by affadavit to keep Abercrombie out of court for his 06/16/2016 remanded hearing, when the Alabama Court of Criminal Appeals remanded the case back, after it ordered Ms. Head to send the delinquent record in which they refused to send.

---

Corrections:  Also, change "probation to parole" in the petition.

Case 2:16-cv-02009-ACA-JHE Document 1 Filed 12/15/16 Page 10 of 79

ELECTRONICALLY FILED
6/17/2016 10:24 AM
58-CC-2008-001183.61
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

*Exhibit of New Circuit Judge
Showing Bias, Nepotism & over-weing
prejudical material stated by state
see, Exhibit
Signia*

**IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA**

STATE OF ALABAMA )
)
V. ) Case No.: CC-2008-001183.61
)
ABERCROMBIE MESIAH )
Defendant. )

## ORDER DENYING DEFENDANT'S MOTION

PETITIONER'S REPLY TO STATE'S RESPONSE TO PETITIONER'S MOTION TO ALTER filed by ABERCROMBIE MESIAH is hereby DENIED. This Court granted the Petitioner's Motion to Supplement the Record with the three transcripts that were referenced in the Petitioner's Response. Additionally, the Court has reviewed the transcripts and will provide them to the Court of Criminal Appeals. The Court finds no material differences in the transcripts that would prejudice the Petitioner in any way.

**DONE this 17th day of June, 2016.**

/s/ LARA M ALVIS
**CIRCUIT JUDGE**

See underlined by star mark

(Evidence of State
utilizing Falsified
Transcript #2)

*Exhibit*
*Sigma*
*2nd page*

45

DOCUMENT 4

In reviewing the transcript, the information quoted by the Petitioner cannot be found

as cited, however the following is the relevant portion of the proceeding:

The Court: Has the plea agreement Mr. Tart, Mr. McBrayer, Mr. Hepburn, anyone
involved in this made you any promises or assurances of anything else in addition other
than what's stated on the paperwork in front of me?
Petitioner: No, Judge.
(Transcript, page 5, Lines 1-5). The Court further explains and explores the

Petitioner's understanding of the plea and its consequences later in the proceeding as

follows:

The Court: Also I want to go over now in addition what if any classification at the
Department of Corrections are you in. I don't know how they will apply time already
served or any other incentive time that you may serve and are you under any other
programs or assurances by anyone here that your sentence will be reduced or that you
will serve any other time other than is reflected in the plea agreement?
Petitioner: I know I'm pleaing to 30 years.
The Court: The reason I'm being careful about this Mr. Abercrombie and your
attorney and your original attorney that was serving you at the time didn't adequately
explain to you what your options were.
Petitioner: Okay.
The Court: I want to make sure you now understand what you options are so we don't
find ourselves in the same position again.
Petitioner: Yes, sir.
The Court: You are trading a life without a possibility of parole to a sentence to 30
years. Of course you will either serve that sentence to its end or termination or according
to the rules and regulations of the Department of Corrections. To be released at a time
earlier than that according to their rules and regulations and I'm not making you any
assurance when that release date will be, neither is Mr. Tart or Mr. McBrayer nor Mr.
Hepburn. Do you understand?
Petitioner: Yes, sir.
(Transcript, page 7, lines 20-25 and page 8, lines 1-20).

(2) Petitioner contends that the trial court erred in ascertaining that Petitioner

understood his rights and further states that his rights were not read in open court;

The following occurred during the plea:

The Court: This is a best interest plea with a factual basis. Mr. Tart may defer to Mr.
McBrayer to set that basis out for you. If he says something that you believe to be
incorrect I want you to stop the process right then so that we can go over the process.
Before we get to that, the general advise of rights I know you have heard that originally
when we were in the process but that has been some time ago. We went over that again
with you present?
The Petitioner: Yes.
The Court: You were here earlier when I gave the advise of rights?

Exhibit of M.S. Head
attempting to with-hold
The Transcript from
Appellate Court

DOCUMENT 15

96

## Court of Criminal Appeals

**MARY BECKER WINDOM**
Presiding Judge
**SAMUEL HENRY WELCH**
**J. ELIZABETH KELLUM**
**LILES C. BURKE**
**J. MICHAEL JOINER**
Judges

State of Alabama
Judicial Building, 300 Dexter Avenue
**P. O. Box 301555**
**Montgomery, AL 36130-1555**

**D. Scott Mitchell**
Clerk
**Gerri Robinson**
Assistant Clerk
(334) 229-0751
Fax (334) 229-0521

December 7, 2015

Jennifer Head
P. O. Box 1209
Columbiana AL  35051

Re: **CR-14-1742**

    Mesiah Abercrombie v. State of Alabama  (Appeal from Shelby  Circuit Court:
CC08-1183.61)

Dear Ms. Head:

    Our records indicate that the transcript in the above referenced case was due to be filed with the circuit clerk by November 23, 2015.  However, we have not yet received your certificate of completion indicating that you have completed and filed said transcript.  If for some reason our information is incomplete or incorrect, you should promptly contact this Court to resolve this discrepancy.  Otherwise, to keep this court from remanding this cause to the trial court with directions that it take specific action regarding the delinquent transcript, please be advised that you should complete and file this transcript by no later than  December 28, 2015, and make sure that a copy of your certificate of completion is filed with this Court.

Sincerely yours,

*D. Scott Mitchell*

D. Scott Mitchell, Clerk
Court of Criminal Appeals

cc: Hon. G. Daniel Reeves, Circuit Judge
    Hon. Mary H. Harris, Circuit Clerk
    Mesiah Abercrombie, Pro Se
    Office of Attorney General

*Exhibit of State's*
*response to Abercrombie's*
*Rule 32, see the under-* DOCUMENT 4    44
*lined by Star Mark*

*Exhibit*
*Sigma*

## STATE'S RESPONSE TO PETITIONER'S SPECIFIC ALLEGATIONS

Petitioner's Rule 32 Petition does not state any claims for relief which can be granted under Rule 32 and the Petition should be summarily dismissed. However, out of an abundance of caution and without waiving the aforementioned objection, the State will respond to each of Petitioner's claims in the order presented in the petition.

**I.     The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief because (1) the conviction was obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea; (2) the conviction was obtained by use of coerced confession; (3) the conviction was obtained by a violation of the privilege against self-incrimination; (4) the denial of effective assistance of counsel. Ala R. Crim.P.32.1(a).**

Petitioner first claims that the Constitution of the United States or of the State of Alabama requires a new trial, a new sentencing proceeding, or other relief. Petitioner alleges numerous grounds supporting his claims, each will be addressed individually as follows:

**A.     The conviction was obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea. Ala.R.Crim.P. 32.1(a).**

The Petitioner has several basis upon which he bases his claims that the guilty plea was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and consequences of the plea, each of which are clearly contradicted by the transcript of the hearing on his previous Rule 32 Petition and plea agreement held on August 4, 2014, which is cited below and attached in its entirety hereto as **Exhibit A**. Specifically, the Petitioner alleges as follows:

(1) Petitioner contends that his attorney, Mr. Tart, told Petitioner he could be paroled as soon as he returned back to the Correctional facility. In support of this assertion, Petitioner references the Transcript of his Rule 32 Hearing. (5, R 6-11). He argues that he stated "not that Judge" which he contends in his petition was referring to his attorney advising him that he would be paroled upon entering a plea.

4

Messiah Abercrombie
A.I.S. # 241474
100 Warrior Lane
Bessemer, AL 35023

BIRMINGHAM AL 350

30 DEC 2015 PM 4 L

FOREVER US

Mary A. Harris, Circuit Clerk
Shelby County Court House
1st Floor Rm. 128
112 North Main St,
Columbiana, AL 35051

350515356812

Court of Criminal Appeals
State of Alabama

STATE OF Alabama
            Plaintiff

                                    CASE number

I

Mesiah Abercrombie                  CR14-1742
         Petitioner

RECEIVED AND FILED
MARY H. HARRIS

DEC 31 2015

CIRCUIT & DISTRICT COURT CLERK
SHELBY COUNTY

Motion To Remand

Petitioner, Mesiah LaJu Abercrombie, hereby
moves this Honorable Court, Pursuant to
ARCP 48, contempt of Court for non
compliance. Mesiah Abercrombie respectfully
requests this Honorable Court to Remand
the Petitioner Rule 32 Petition back to trial
Court. The Grounds for Remand states as
Follows:

1. Petitioner Plead Guilty to Robbery
   third degree on August 4, 2014 in
   the Honorable Dan Reeves. Shelby County
   Circuit Court. Abercrombie filed Rule 32
   Petition. which was denied by Dan Reeves.

2. The Petitioner did not Filed a Direct Appeal but did filed a timely Rule 32 Petition requesting the Trial Court to set Guilty Plea aside and set Hearing because Abercrombie guilty Plea was not entered voluntarily and Knowingly. Sixth admendment violation of Ineffective Assistance of Counsel

3. Shelby county Circuit Clerk and Court Reporter violated Alabama Rules of Appellate Procedures: Rule 48 Contempt of Court for willful non conpliance with these Rules.

   For a willfull noncon pliance with any material and substantial requirement of these rules, an attorney, clerk, court reporter, or other officer of the Court may be held in contempt of Court by the Appellate Court after reasonable notice of such non conpliance

4. Shelby County Circuit Clerk and Reporter failed to complete the Certificate of record for Appeal. The record was due to be completed on November 23, 2015 But the record was not completed.

5. Notice was sent by Appellate Court to have records certified and completed but Circuit Clerk and Reporter again failed to complete records after Notice of Extention to have records completed by December. 28, 2015. But again Clerk and Reporter failed to do so again.

6. The Clerk of the Circuit Court of Shelby County, Court Reporter and Other officers of the Court be held in Contempt pursuant to ARCP rule 48: Failure to comply to have records completed and turned over to the Appellate court.

Wherefore the Petitioner respectfully requests this Honarable Court to Remand Case Rule 32 Petition back to Trial Court For Hearing.

Mesiah L. Abercrombie
Pro se

# Certificate of Service

I hereby certify that I have served copies of the foregoing upon the Circuit Clerk of Shelby County Alabama and Clerk of Court of Criminal Appeals of Alabama via in the United States Mail with sufficient postage to ensure delivery:

Scott Mitchell, Ct. of Appeals Clerk
300 Dexter Ave
Montgomery, Al 36104

Mary H. Harris. Circuit Clerk
Shelby County Court House
1st Floor Rm. 128
112- North Main St.
Columbiana Al 35051

Done this day of December 30, 2015

Mesiah Abercrombie
A.IS # 247476
100 - Warrior Lane
Bessemer, Al 35023

Pro Se

**IN THE CIRCUIT COURT OF SHELBY COUNTY ALABAMA**

| | | |
|---|---|---|
| MESIAH ABERCROMBIE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ام. |
| Vs. | ) | **CASE NUMBER: CC2008-1183** |
| | ) | RECEIVED AND FILED |
| STATE OF ALABAMA | ) | MARY H. HARRIS |
| | ) | JAN 2 6 2016 |
| Respondent, | ) | CIRCUIT & DISTRICT COURT CLERK |
| | | SHELBY COUNTY |

### MOTION TO CORRECT OR SUPPLEMENT RECORD ON APPEAL

Pursuant to Rule 10 (g) Alabama of Appellate
Procedures, Appellate Mesiah Abercrombie requests this
court to correct the record on Appeal as noted below.

1. The Court Reporter's transcript pursuant to Rule 10 (g)
   states if admitted or offences evidence that are
   material to any issue is omitted from the record, or if
   any questions arises as to whether the record correctly
   reflects what occurred in the trial should be
   corrected.

2. The original transcript that was purchased from
   Jennifer Head in May 2015 by Abercrombie's mother,
   Abercrombie based his argument on his portion of the
   transcript and not the omitted portion of the District

1

Attorney's copy that was attached to Abercrombie's Rule

32 Response or Reply Brief that the Government filed.

See: exhibit (A) District Attorney's copy of the

transcript and compare it to Abercrombie's copy of the

transcript. See: exhibit (B). The omitted statements,

words and sentences are very crucial to Abercrombie's

argument. I need the omitted portion of the transcript

corrected to support my argument.

3. Wherefore the Circuit Court of Shelby County, Alabama,

the petition Mesiah Abercrombie moves this court to

correct the Court record and Court reporter's

transcript to read: (Vol. I R-5-6-11) THE COURT: Other

than the pleas agreement which is now before me have

Mr. Tart, Mr. McBrayer, Mr. Hepburn anyone involved in

this made you any promises or any assurance of anything

else in addition other than what stated on this paper

work which is now in front of me? THE DEFENDANT: Not

that Judge, See: exhibit (B) (Vol. I R-5-6-11). Instead

of THE COURT: has the pleas agreement Mr. Tart, Mr.

McBrayer, Mr. Hepburn, anyone involved in this made you

any promises or assurances of anything else in addition

other than what's stated on the paperwork in front of

me? THE DEFENDANT: No, Judge See: exhibit (A) (Vol. I
R-5-1-8).

4. For the foregoing reasons, Abercrombie respectfully
requests that this court order correction of the record
or such other relief as may be deemed proper.


I certify that the foregoing statements made by me are
true to the best of my knowledge. I am aware that if
any of the foregoing statements made by me willfully
false, I am subject to punishment.


*Mesiah Abercrombie*

Mesiah Abercrombie

#241476

100 Warrior Lane

Bessemer, Al 35023

Pro se, with the assistance of a Prisoner law clerk.

9

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served Shelby County Circuit Clerk, Alabama Court of Criminal Appeals Clerk and Jennifer Head, the Court Reporter a copy of this Motion using the United States Mail with sufficient postage and certified to ensure delivery.

Mary H. Harris, Circuit Clerk
First Floor, Rm 128
112- North Main St.
Columbiana, Al 35051

D. Scott Mitchell, Alabama Criminal Appeals Clerk
Alabama Court of Criminal Appeal
300- Dexter Ave
Montgomery, Al 36104

Jennifer Head
P.O. Box 1209
Columbiana, Al 35051

Done this 25th day of January, 2016

Mesiah Abercrombie

Mesiah Abercrombie Pro se

4

Altered Transcript 1

```
 1                    THE CIRCUIT COURT OF

 2                 SHELBY COUNTY, ALABAMA

 3

 4      CASE ACTION NO. CC-08-1183

 5

 6    STATE OF ALABAMA,

 7              Plaintiff,

 8    vs.

 9    MESIAH ABERCROMBIE,

10              Defendant.

11

12

13

14                    C A P T I O N

15

16            The above entitled cause came on to be heard before

17    the Honorable G. Daniel Reeves, Judge, at the Shelby County

18    Courthouse, Columbiana, Alabama, on the 4th day of August, 2014.

19

20

21

22

23

24

25
```

```
 1              THE COURT:  Court calls case CC-2008-1183 which
 2   is styled State of Alabama versus Mesiah Abercrombie, more
 3   appropriately I suppose in this setting Mesiah Abercrombie
 4   versus the State of Alabama as petitioner pursuant to a Rule 32
 5   of the Alabama Rules of Criminal Procedure challenging the
 6   conviction previously -- and sentence previously entered in this
 7   case.  I understand that the defendant and the State has reached
 8   an agreement?
 9              MR. TART:  We have, Your Honor.
10              MR. MCBRAYER:  That's correct.
11              THE COURT:  If counsel will come forward and
12   state that agreement for the record.
13              THE COURT:  If you will state that agreement on
14   behalf of Mr. Abercrombie, at least the general terms, and then
15   we will proceed to take whatever official action we need to.
16              MR. TART:  He will be pleading to one count of
17   robbery third which is a class C felony in return for a 30 year
18   recommendation from the State, that's 30 years straight.  And we
19   are stipulating to three prior felonies, Judge.
20              MR. MCBRAYER:  That's correct, Your Honor.
21              THE COURT:  And I should note that in addition to
22   Mr. Tart obviously Mr. Daniel McBrayer is representing the State
23   along with Mr. Roger Hepburn.  Now, procedurally I believe what
24   I will have to do in order to effectuate this is to in effect
25   grant Mr. Abercrombie's petition for relief from conviction or
```

2

```
 1   sentence, set aside the previous plea and sentence and then

 2   proceed by agreement to enter the new plea and sentence.  Is

 3   that the understanding of both the State and the defense?

 4                MR. MCBRAYER:  Yes, Your Honor.

 5                MR. TART:  Yes, Your Honor.

 6                THE COURT:  Mr. Abercrombie, do you understand

 7   these proceedings?

 8                THE DEFENDANT:  Yes, sir.

 9                THE COURT:  I want you to follow along and make

10   sure that you don't have any questions about it.

11                THE DEFENDANT:  Yes, sir.

12                THE COURT:  Is this your agreement?

13                THE DEFENDANT:  Yes, sir.

14                THE COURT:  Then that being the case what the

15   Court is going to do is to that extent grant Mr. Abercrombie's

16   petition pursuant to Rule 32 of the Alabama Rules of Criminal

17   Procedure setting aside the previous plea and sentence with the

18   understanding that we are now going to proceed to enter the new

19   plea agreement and sentence.  Does the State have that paperwork

20   prepared and ready?

21                MR. MCBRAYER:  Yes, Your Honor.  Approach Your

22   Honor?

23                THE COURT:  You may.  Mr. Tart if you will come

24   forward with Mr. Abercrombie.  And I assume this your family

25   that's here Mr. Abercrombie?
```

```
 1                THE DEFENDANT:  Yes, sir.

 2                THE COURT:  Welcome folks.  Just as part of the

 3   preparation for this I will note Mr. Abercrombie previously

 4   entered a blind plea and as a result of that blind plea and

 5   process was sentenced to life without the possibility of parole.

 6   He raised several issues as part of that petition and the Court

 7   denied that petition.  It was then sent to the Court of Criminal

 8   Appeals who reversed my order and remanded to hold a hearing

 9   pursuant to the petition that Mr. Abercrombie filed.  Is that

10   your understanding Mr. Tart?

11                MR. TART:  That's correct.

12                THE COURT:  And Mr. McBrayer?

13                MR. MCBRAYER:  It is, Your Honor.

14                THE COURT:  And also Mr. Abercrombie, is that

15   your understanding of the posture of all this?

16                THE DEFENDANT:  Yes, sir.

17                THE COURT:  So as we've already noted what I am

18   going to do now is pursuant to that remand by the Court of

19   Criminal Appeals is after having reached an agreement I'm going

20   to accept and grant your petition to set aside the previous plea

21   and sentence and how we are going to proceed to enter a new plea

22   agreement?  Are you prepared to go forward with that at this

23   time?

24                THE DEFENDANT:  Yes, sir.

25                THE COURT:  Do you have any questions about any
```

1   of the things we have done so far?

2                   THE DEFENDANT:  No, sir.

3                   THE COURT:  Is there anything that you believe

4   you don't understand about it?

5                   THE DEFENDANT:  No, sir.

6                   THE COURT:  Other than the plea agreement which

7   is now before me, have Mr. Tart, Mr. McBrayer, Mr. Hepburn,

8   anyone involved in this, made you any promise or any assurance

9   of anything else in addition other than what's stated on this

10  paperwork which is now in front of me?

11                  THE DEFENDANT:  Not that, Judge.

12                  THE COURT:  We are going to go over this in just

13  a minute.  If I say something or leave something out I want you

14  to stop the process right then so that we can make those

15  corrections; do you understand?

16                  THE DEFENDANT:  Yes, sir.

17                  THE COURT:  All right.

18                          MESIAH ABERCROMBIE,

19              Was duly sworn and testified as follows:

20                  THE COURT:  And you are in fact Mesiah Laju

21  Abercrombie.  And the middle name is spelled L-a-j-u.

22  A-b-e-r-c-r-o-m-b-i-e.  Is that correct?

23                  THE DEFENDANT:  Yes, sir.

24                  THE COURT:  And it's already noted that you are

25  here with your attorney Mr. Tart.  What this says is you are how

```
 1    going to plea guilty to the crime of robbery in the third degree
 2    in case CC-08-1183.  I'm going to show you that plea agreement
 3    and ask you is that your signature?
 4                THE DEFENDANT:  Yes, sir, it is.
 5                THE COURT:  There is a second document which is
 6    an explanation of your rights and is that your signature?
 7                THE DEFENDANT:  It is.
 8                THE COURT:  Did Mr. Tart, your attorney, go over
 9    these documents with you?
10                THE DEFENDANT:  Yes, sir.
11                THE COURT:  Did you understand their contents?
12                THE DEFENDANT:  Yes, sir.
13                THE COURT:  Do you have any questions about the
14    information that they contain?
15                THE DEFENDANT:  No, sir.
16                THE COURT:  There is a third document and it's
17    labeled statement of attorney's representation; is that your
18    signature?
19                THE DEFENDANT:  Yes, sir, it is.
20                THE COURT:  That has some checkmarks and answers
21    to the questions; are those your answers?
22                THE DEFENDANT:  Yes, sir.
23                THE COURT:  The plea agreement states that you
24    are going to plea guilty to the crime of robbery in the third
25    degree, that you have three prior adult felony convictions
```

1    therefore the State would recommend the Court accept and impose
2    a sentence of 30 years to be served in the state penitentiary.
3    That's less any jail credit in regard to that sentence.   And
4    that -- since the original plea has been set aside that would go
5    back, I assume, to the original date of arrest but we'll let the
6    clerk calculate out all those numbers and advise you of what
7    that number is.

8                     The sentence shall run concurrent with any other
9    case pled this date and any other case in which you currently
10   have a sentence.  You will have to obey all laws and ordinances,
11   avoid all contact will illegal drugs and if required to do so by
12   an authorized officer submit to and pass random drug and/ or
13   alcohol screens.  You are required to pay $500.09 in restitution
14   jointly and severely with any co-defendants.  That would be
15   Willie -- or to Willie and Tommy Morris.  Pay all court cost
16   along with any medical expenses incurred while in the county
17   jail and $50.00 to the Crime Victim's Compensation Fund and you
18   are to have until August 4th 2019 in which to do that.  You also
19   would have to avoid initiating any contact with Willie Morris
20   and Tommy Morris, their family and property.  Is that your
21   agreement?

22                     THE DEFENDANT:  Yes, sir.

23                     THE COURT:  Now did 1 add anything to that
24   agreement that you were not expecting?

25                     THE DEFENDANT:  No, sir.

```
 1                  THE COURT:  Did I leave anything out that you
 2    understood was to be part of the agreement?
 3                  THE DEFENDANT:  Sir?
 4                  THE COURT:  Did I leave anything out that you
 5    thought was supposed to be part of the agreement?
 6                  THE DEFENDANT:  No, sir.
 7                  THE COURT:  Also I want to go over now -- 1 have
 8    no idea what if any classification that the Department of
 9    Corrections may place you in.  I don't know how they would apply
10    time that you already served or any other incentive time that
11    you may receive.  And are you under any other promise or
12    assurance by anyone here that your sentence could be lessened,
13    reduced or changed or altered so that you would serve any less
14    time other than is reflected in this plea agreement that's now
15    before the Court?
16                  THE DEFENDANT:  I know I'm pleading to 30 years.
17                  THE COURT:  The reason I'm being careful about
18    this, Mr. Abercrombie, is what you raised in your Rule 32
19    petition is that your attorney, your original attorney, those
20    that were severing you at the time didn't adequately explain to
21    you what your options were.
22                  THE DEFENDANT:  Okay.
23                  THE COURT:  I want to make sure that you now
24    understand what your options are so that we don't find ourselves
25    in the same posture again.
```

1        THE DEFENDANT: Yes, sir.

2        THE COURT:  What you are in effect doing is

3    trading a sentence of life without a possibility of parole for a

4    sentence of 30 years in which of course you will either serve

5    that sentence to its end or termination or according to the

6    rules and regulations of the Department of Corrections be

7    released at a time earlier than that according their rules and

8    regulations.  And I'm not making you any assurances about when

9    that release date may be, nor is Mr. Tart, nor is Mr. McBrayer,

10   nor is Mr. Hepburn; is that correct?

11       THE DEFENDANT: Yes, sir.

12       THE COURT:  You may know more about DOC -- how

13   DOC applies those rules and regulations than I might.  I have

14   not talked with them about it.  Do you understand?

15       THE DEFENDANT: Yes, sir.

16       THE COURT:  So if you have an impression that's

17   different from that you need to let me know that now.

18       MR. TART:  Can I just say for the record, we have

19   talked about time served credit that he'll get and we estimate

20   that at around five years.  That's the only thing that's not

21   specifically outlined.

22       THE COURT:  You are entitled to a credit for

23   every day you served either in the county jail or in the State

24   penitentiary to this point of today.  Now some of that will be

25   in the nature of jail credit because it's prior to conviction.

```
 1    I don't know that all of it would be, but you would be getting
 2    credit for all of it.  How DOC calculates that I can't tell you.
 3                   THE DEFENDANT:  Okay.  Yes, sir.
 4                   THE COURT:  I know that customarily what they do
 5    is when they receive a sentence of 30 years they take the jail
 6    credit and take it off the top so that you can convert that to a
 7    25 year sentence if indeed it was five year's credit.  Does that
 8    make sense?
 9                   THE DEFENDANT:  Yeah.  Yes, sir.
10                   THE COURT:  That's the way they ordinarily
11    calculate.  Now what they would do on this occasion I don't
12    know.  I can't say.  Now do you have any questions at all about
13    the plea agreement?
14                   THE DEFENDANT:  No, sir.
15                   THE COURT:  The next document I'm going to show
16    you is an advice of rights document.  I want to make sure that
17    your attorney read that to you and went over it with you
18    completely.  Do you have any questions about that?
19                   THE DEFENDANT:  No, sir.
20                   THE COURT:  And again -- I know I showed this to
21    you before and I'm going to do it one more time, that's the
22    statement of attorney's representation and it asks for several
23    questions.  It says are you completely satisfied with the way
24    your attorney has represented you in this case?
25                   THE DEFENDANT:  I am.
```

13

```
 1                    THE COURT:   And given all the circumstances are
 2    you completely satisfied with the settlement that Mr. Tart has
 3    worked out for you in this matter?
 4                    THE DEFENDANT:   Yes, sir.
 5                    THE COURT:   Are you accepting this settlement
 6    voluntarily and of your own free will?
 7                    THE DEFENDANT:   Yes, sir.
 8                    THE COURT:   Has anyone forced or coerced you or
 9    threatened you or promised you anything or offered you any
10    reward or any other inducement to get you to enter this plea
11    today?
12                    THE DEFENDANT:   No, sir.
13                    THE COURT:   And do you have any complaints at all
14    about your attorney or the legal representation that you
15    received?
16                    THE DEFENDANT:   No, sir.
17                    THE COURT:   Now the range of punishment that I
18    could impose if you were convicted of the crime of robbery in
19    the third degree with three prior adult felony convictions would
20    be a term in the penitentiary of not less than 15 years, no more
21    than 99 years or life imprisonment and a fine which could not
22    exceed $60,000.   Do you understand what crime you are now
23    pleading guilty to, robbery in the third degree?
24                    THE DEFENDANT:   Yes, sir.
25                    THE COURT:   Do you understand the range of
```

32

1   punishment that I could impose if you were convicted of this
2   crime?
3              THE DEFENDANT:  Yes, sir.
4              THE COURT:  Is there any element of the crime
5   that you are now charged with that you would like me to explain
6   to you further?
7              THE DEFENDANT:  No, sir.
8              THE COURT:  Is there any part of the indictment
9   originally charging you with the crime in this matter that you
10  would like me to read to you again?
11             THE DEFENDANT:  No, sir.
12             THE COURT:  Then having gone over all of this
13  with you in case CC-08-1183 the crime of robbery in the third
14  degree how do you wish to plea?
15             THE DEFENDANT:  Plea guilty.
16             THE COURT:  Are you making this plea knowingly
17  and voluntarily and of your own free will?
18             THE DEFENDANT:  Yes, sir.
19             THE COURT:  Has anyone forced or coerced or
20  promised you any kind of reward or done anything to get you to
21  plea guilty in this matter?
22             THE DEFENDANT:  No, sir.
23             THE COURT:  This is a best interest plea with a
24  factual basis.  Mr. Tart or he may defer to Mr. McBrayer to set
25  that basis out for you.  If he says something that you believe

```
 1   to be incorrect I want you to stop the process right then so
 2   that we can go over that process.  Before we do that I have one
 3   other question.  We did do a general advice of rights and I know
 4   you have heard that originally when we were in this process but
 5   that's been some time ago.  We went over it again with you
 6   present?
 7                THE DEFENDANT:  Yes.
 8                THE COURT:  And you were here earlier when I did
 9   the advice of rights?
10                THE DEFENDANT:  Yes, sir, I did.
11                THE COURT:  Did you understand that advice of
12   rights?
13                THE DEFENDANT:  Yes, sir.
14                THE COURT:  Do you have any questions about that?
15                THE DEFENDANT:  No, sir.
16                THE COURT:  Mr. McBrayer, were you going to give
17   the factual basis?
18                MR. MCBRAYER:  Yes, Your Honor.
19                THE COURT:  You may proceed.
20                MR. MCBRAYER:  Thank you, Your Honor.  Your
21   Honor, the State would expect the evidence to show if the case
22   went to trial that the defendant, Mesiah Abercrombie, did on
23   June the 5th 2008 while in Shelby County in the course of
24   committing a theft from Willie Morris use force against the
25   person of Willie Morris with the intent to overcome his physical
```

1    resistance or power of physical resistance.

2                THE COURT:  Is that the basis or the reason for

3    you pleading guilty in this matter?

4                THE DEFENDANT:  Yes, sir.

5                THE COURT:  Is there anything that you would like

6    to add to that?

7                THE DEFENDANT:  No, sir.

8                THE COURT:  The Court finds that you have now

9    knowingly and voluntarily waived your rights and offered your

10   plea.  The Court accepts that plea and in case CC-08-1183 I find

11   you guilty of the crime of robbery in the third degree --

12               MR. TART:  Your Honor, I hate to interrupt.  If

13   we could just add one additional question if he is under the

14   influence of anything today.  I believe that might have been an

15   issue earlier.

16               THE COURT:  Thank you, Mr. Tart.

17               MR. TART:  Sure.

18               THE COURT:  And thank you for reminding me.  Are

19   you under the influence of any medication today that would

20   prevent you from understanding any part of the plea agreement?

21               THE DEFENDANT:  I take medicine.

22               THE COURT:  I understand you take medicine but is

23   the medicine that you are now on is it preventing you from

24   understanding what you are doing right now?

25               THE DEFENDANT:  No, not at this point.

15

1                    THE COURT:   Are you suffering -- are you having
2      any difficulty understanding my speech or the meaning of my
3      words?
4                    THE DEFENDANT:   No, sir.
5                    THE COURT:   Or with your attorney Mr. Tart?
6                    THE DEFENDANT:   No, sir.
7                    THE COURT:   Or anything that the State said so
8      far?
9                    THE DEFENDANT:   No, sir.
10                   THE COURT:   So you are not suffering a disability
11     that would prevent you from understanding these proceedings
12     today; is that correct?
13                   THE DEFENDANT:   Yes, sir.
14                   THE COURT:   Do you have anything that you are
15     going to ask a question about that or make a comment about it or
16     add to it?
17                   THE DEFENDANT:   No, sir.
18                   THE COURT:   And so once again what Mr. McBrayer
19     said, is that the basis or reason for you pleading guilty?
20                   THE DEFENDANT:   Yes, sir.
21                   THE COURT:   Is there anything that you would like
22     to add to that?
23                   THE DEFENDANT:   No, sir.
24                   THE COURT:   Then the Court finds that you have
25     knowingly and voluntarily waived your rights and offered your

1   plea. The Court accepts that plea and in case CC-2008-1183 I

2   find you guilty of the crime of robbery in the third degree.

3   You have a right to have pre sentence investigation report

4   prepared in this matter but I understand that you wish to waive

5   that right and be sentenced today; is that correct?

6                 THE DEFENDANT: Yes, sir.

7                 THE COURT: Do you have anything to say before

8   sentence is imposed?

9                 THE DEFENDANT: No, sir.

10                THE COURT: Then this Court will impose a

11   sentence of 30 years in the State penitentiary less the time

12   credit that the court clerk will calculate and deduct from this

13   sentence along with the cooperation of the Department of

14   Corrections. You must, of course, comply with all the other

15   terms and conditions that are part of the agreement. Do you

16   have any questions at all about the sentence?

17               THE DEFENDANT: No, sir, Judge.

18               THE COURT: Do you have any issues that you now

19   wish to reserve for purposes of an appeal?

20               THE DEFENDANT: Not that I they think of, no,

21   sir.

22               THE COURT: Now is the time to think of it.

23               THE DEFENDANT: No, sir.

24               THE COURT: If you don't think of it now then you

25   are waiving it. Can you think of any?

17

1                    THE DEFENDANT:  No, sir.

2                    END OF PROCEEDINGS

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

18

1                    C E R T I F I C A T E

2

3

4           STATE OF ALABAMA

5           COUNTY OF SHELBY

6

7           I hereby certify that the above and foregoing

8    proceedings was taken down by me in stenotype and the questions

9    and answers thereto were reduced to typewriting under my

10   supervision; that the foregoing represents a true and correct

11   transcript of the proceedings given by said witnesses upon

12   hearing.

13          I further certify that I am neither of counsel nor of

14   kin to the parties to the action, nor am I in anywise interested

15   in the result of said cause.

16

17

18

19                         Commisioner-Notary Public

20

21

22

23

24

25

19

1    CERTIFICATE OF COMPLETION OF REPORTER'S TRANSCRIPT FROM

2    THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

3

4    TO: The Clerk of Criminal Appeals

5    STATE OF ALABAMA,

6    V.

7    MESIAH ABERCROMBIE,      CASE NO. CC-08-1183

8

9    I certify that I have this date completed and filed with the

10   clerk of the trial court the original and 3 copies of a true and

11   correct transcript of the proceedings designated in the

12   reporter's transcript order.  All pages are numbered serially in

13   the upper corner of each page, ending with the number appearing

14   in the upper right corner of this certificate.

15   Dated this 9th day of March, 2016.

16

17

18

19   JENNIFER HEAD

20   Official Court Reporter

21

22

23

24

5

Altered Transcript 2

First, the Transcript
Used by the State

1

# EXHIBIT A

Note, Incorrect
Case Number
and Name Spelled
different than
Transcript 1 and 3

THE CIRCUIT COURT OF

2                                          SHELBY COUNTY, ALABAMA

3

4       CASE ACTION NO. CC-12-1183

5

6       STATE OF ALABAMA,

7              Plaintiff,

8       vs.

9       MESSIAH ABERCROMBIE,

10             Defendant.

11

12

13

14                            C A P T I O N

15

16              The above entitled cause came on to be heard before

17       the Honorable G. Daniel Reeves, Judge, at the Shelby County

18       Courthouse, Columbiana, Alabama, on the 4th day of August, 2014.

19

20

21

22

23

24

25

1                    THE COURT:   State calls CC-2008-1183 which is

2    Styled state of Alabama versus Messiah Abercrombie, more

3    appropriately I suppose, in this setting it's Messiah

4    Abercrombie versus State of Alabama.  This matter is pursuant to

5    a Rule 32 of the Alabama Rules of Criminal Procedure challenging

6    the conviction sentence previously entered in this case.  I

7    understand that the defendant and the State has reached an

8    agreement --

9                    MR. TART:   We have, Your Honor.

10                   MR. MCBRAYER:   We have, Your Honor.

11                   THE COURT:   And will counsel come forward and

12   state that agreement for the record?

13                   MR. TART:   Yes, Your Honor.

14                   THE COURT:   If you will state that agreement on

15   behalf of Mr. Abercrombie.

16                   MR. TART:   Pleading one count of robbery third

17   which is a class C felony in return for a 30 year recommendation

18   from the State.  That's 30 years.  And we are stipulating to

19   three prior felonies, Judge.

20                   MR. MCBRAYER:   That's correct, Your Honor.

21                   THE COURT:   And I should note that in addition

22   Mr. Tart is here representing the defendant and Mr. Daniel

23   McBryaer is here representing the State along with Mr. Roger

24   Hepburn.  Procedurally I believe what I will have to do is in

25   effect grant Mr. Abercrombie's position for relief from

1    conviction or sentence and set aside the plea and sentence and

2    then proceed by agreement to enter the plea and sentence.

3                    MR. MCBRAYER:  Yes.

4                    MR. TART:  Yes, Your Honor.

5                    THE COURT:  Mr. Abercrombie, do you understand

6    these proceedings?

7                    THE DEFENDANT:  Yes, sir.

8                    THE COURT:  I want you to follow along and make

9    sure you understand and let us know if you have any questions

10   about it.

11                   THE DEFENDANT:  Yes, sir.

12                   THE COURT:  Is this your agreement?

13                   THE DEFENDANT:  Yes, sir.

14                   THE COURT:  That being the case what the Court is

15   going to do to that extent is grant Mr. Abercrombie's petition

16   or pursuant to Rule 32 of Alabama Rules of Criminal procedure

17   setting aside the previous plea and sentence with the

18   understanding that we are now going to proceed to enter the new

19   plea agreement.  And does the State have that paperwork prepared

20   and ready?

21                   MR. MCBRAYER:  Yes, Your Honor.

22                   THE COURT:  Approach Mr. Mc Brayer.  Mr. Tart you

23   may come forward.  Mr. Abercrombie, is this your family that's

24   here?

25                   THE DEFENDANT:  Yes, sir.

1                    THE COURT:  Welcome, folks.  Just as part of

2    preparation for this I note Mr. Abercrombie previously entered a

3    blind plea.  As a result of that blind plea and process was

4    sentence to life without the possibility of patrol.  He raised

5    several issues as part of that petition and the Court denied

6    that petition.  It was then sent to the Court of Criminal

7    Appeals and reversed, my order remanded, to hold a hearing

8    pursuant to the petition that Mr. Abercrombie filed; is that

9    your understanding Mr. Tart?

10                   MR. TART:  Yes.

11                   THE COURT:  And Mr. Abercrombie is that your

12   understanding?

13                   THE DEFENDANT:  Yes, sir.

14                   THE COURT:  After having reached an agreement I'm

15   going to accept and grant your petition to set aside the

16   previous plea and sentence and then we will -- we are going to

17   proceed to enter a new plea agreement.  Are you prepared to go

18   forward with that?

19                   THE DEFENDANT:  Yes, sir.

20                   THE COURT:  Do you have any questions about any

21   of the things we have done so far?

22                   THE DEFENDANT:  No, sir.

23                   THE COURT:  Is there anything that you believe

24   you don't understand about it?

25                   THE DEFENDANT:  No, sir.

1                THE COURT:  Has the plea agreement Mr. Tart, Mr.

2   McBrayer, Mr. Hepburn, anyone involved in this made you any

3   promises or assurances of anything else in addition other than

4   what's stated on the paperwork in front of me?

5                THE DEFENDANT:  No, Judge.

6                THE COURT:  If we leave something out I want you

7   to stop the process right then so that we can make those

8   corrections.  Do you understand?

9                THE DEFENDANT:  Yes, sir.

10               THE COURT:  All right.  Raise you hand.

11                       MESSIAH ABERCROMBIE,

12          Was duly sworn and testified as follows:

13               THE COURT:  And you are in fact Messiah

14   Abercrombie?

15               THE DEFENDANT:  Yes, sir.

16               THE COURT:  And I note that you are here with

17   your attorney Mr. Tart.  What this says you are going to plea

18   guilty to the crime of robbery third degree in CC-08-1183.  I'm

19   going to show you that plea agreement and ask you is that your

20   signature?

21               THE DEFENDANT:  Yes, sir, it is.

22               THE COURT:  There is a second document which is

23   an explanation of your rights and is that your signature?

24               THE DEFENDANT:  It is.

25               THE COURT:  Did Mr. Tart, your attorney, go over

 1   these documents with you?

 2                   THE DEFENDANT:  Yes, sir.

 3                   THE COURT:  Do you understand their contents?

 4                   THE DEFENDANT:  Yes, sir.

 5                   THE COURT:  Do you have any questions about the

 6   information that they contain?

 7                   THE DEFENDANT:  No, sir.

 8                   THE COURT:  There is a third document and it's

 9   labeled statement of attorney's representation.  Is that your

10   signature?

11                   THE DEFENDANT:  Yes, sir, it is.

12                   THE COURT:  That has checkmarks and answers to

13   the questions.  Are those your answers?

14                   THE DEFENDANT:  Yes, sir.

15                   THE COURT:  The plea agreement states that you

16   are going to plea guilty to the crime of robbery in the third

17   degree, that you have three prior adult felony convictions and

18   therefore the State would recommend the Court accept and impose

19   a sentence of 30 years to be served in the state penitentiary.

20   That's less any jail credit in regard to that sentence.  And

21   that since the original plea has been set aside that would go

22   back, I assume, to the original date of arrest.  I can't advice

23   you of what that number is.  The sentence shall run concurrent

24   with any other case this date any other case in which you have a

25   sentence.  You will have to obey laws and ordinances, avoid all

1    contact will illegal drugs and if required to do so by an

2    authorized officer submit to and pass random drug and/ or

3    alcohol screens required, pay retribution jointly and severally

4    with any co defendants to Willie and Tommy Morris, pay court

5    cost along with any medical expenses that were inquired while in

6    the county jail and $50.00 to the Crime Victim's Compensation

7    fund and you have until August 4th 2019 in which to do that.

8    You also would have to avoid Willie and Tommy Morris and their

9    family and property. Is that your agreement?

10                  THE DEFENDANT:   Yes, sir.

11                  THE COURT:   Now did I add anything to that you

12   were not expecting?

13                  THE DEFENDANT:   No, sir.

14                  THE COURT:   Did I leave anything out that you

15   understand was to be part of the agreement?

16                  THE DEFENDANT:   Sir?

17                  THE COURT:   Did I leave anything out that you

18   thought was supposed to be part of the agreement?

19                  THE DEFENDANT:   No, sir.

20                  THE COURT:   Also I want to go over now in

21   addition what if any classification at the Department of

22   Corrections are you in.  I don't know how they will apply time

23   already served or any other incentive time that you may serve

24   and are you under any other programs or assurances by anyone

25   here that your sentence will be reduced or that you will serve

1    any other time other than is reflected in the plea agreement?

2              THE DEFENDANT:  I know I'm pleaing to 30 years.

3              THE COURT:  The reason I'm being careful about

4    this Mr. Abercrombie and your attorney and your original

5    attorney that was severing you at the time didn't adequately

6    explain to you what your options were.

7              THE DEFENDANT:  Okay.

8              THE COURT:  I want to make sure you now

9    understand what your options are so we don't find ourselves in

10   the same position again.

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  You are trading a life without a

13   possibility of parole to a sentence to 30 years.  Of course you

14   will either serve that sentence to its end or termination or

15   according to the rules and regulations of the Department of

16   Corrections.  To be released at a time earlier than that

17   according their rules and regulations and I'm not making you any

18   assurance when that release date will be, neither is Mr. Tart or

19   Mr. McBrayer nor Mr. Hepburn.  Do you understand?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  You may know more about DOC policies

22   and rules and regulations than I.  I have not talked with them

23   about it.  Do you understand?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  If you have an opinion that's

1    different from that you need to let me know.

2              MR. TART:  We have talked about time served at
3    around five years.  That is that only thing that's not
4    specifically underlined.

5              THE COURT:  You are entitled time for every day
6    you served in the county jail or State penitentiary to this
7    point of today.  Now some of that will be in the nature of jail
8    credit because prior to conviction I don't know that all of it
9    would be -- you would be getting credit for all of it.  How DOC
10   calculates that I couldn't tell you.

11             THE DEFENDANT:  Okay.  Yes, sir.

12             THE COURT:  I know customarily what they do, they
13   receive that jail credit and take it off the top.  That is a 25
14   year sentence if credit was five years.  Does that make sense?

15             THE DEFENDANT:  Yeah.  Yes, sir.

16             THE COURT:  That is the way they ordinarily
17   calculate.  What they do on this occasion I don't know.  I can't
18   say.  Now do you have any questions at all about the plea
19   agreement?

20             THE DEFENDANT:  No, sir.

21             THE COURT:  The next document I'm going to show
22   you is an advise of rights document.  I'm sure your attorney
23   read to you and went over that with you completely.  Do you have
24   any questions about that?

25             THE DEFENDANT:  No, sir.

10

1          THE COURT:  And again I showed you this before
2    but I'll do it one more time.  That's a statement of attorney
3    representation and it asks for several questions.  Are you
4    completely satisfied with the way your attorney represented you
5    in this case?
6               THE DEFENDANT:  I am.
7               THE COURT:  And again all the circumstances are
8    you completely satisfied with the settlement that Mr. Tart has
9    worked out for you in this matter?
10              THE DEFENDANT:  Yes, sir.
11              THE COURT:  Are you accepting this settlement
12   voluntarily and of your on own free will?
13              THE DEFENDANT:  Yes, sir.
14              THE COURT:  Has anyone forced or coerced,
15   threatened or promised you anything or offered you any reward or
16   any other inducement to get you to enter this plea today?
17              THE DEFENDANT:  No, sir.
18              THE COURT:  Do you have any complaints at all
19   about your attorney or the legal representation you received?
20              THE DEFENDANT:  No, sir.
21              THE COURT:  Now the range of punishment that I
22   could impose if you were convicted of the crime of robbery in
23   the third degree with three prior adult felonies, conviction
24   would be a term in the penitentiary of not less than 15 years,
     no more than 99 years or life imprisonment and a fine which

1   could not exceed 60 thousand dollars.  Do you understand what

2   crime you are now pleading guilty to, robbery in the third

3   degree?

4                THE DEFENDANT:  Yes, sir.

5                THE COURT:  Do you understand the range of

6   punishment that I could impose if you were convicted of this

7   crime?

8                THE DEFENDANT:  Yes, sir.

9                THE COURT:  Is there any element of the crime

10  that you are now charged with that you would like me to explain

11  to you further?

12               THE DEFENDANT:  No, sir.

13               THE COURT:  Is there any part of the indictment

14  originally charging with the crime in this matter that you would

15  like me to read to you again?

16               THE DEFENDANT:  No, sir.

17               THE COURT:  Then having gone over all of this

18  with you in CC-08-1183 the crime of robbery in the third degree

19  how do you wish to plea?

20               THE DEFENDANT:  Plea guilty.

21               THE COURT:  Are you making this plea knowingly

22  and voluntarily and of your own free will?

23               THE DEFENDANT:  Yes, sir.

24               THE COURT:  Has anyone forced or coerced or

25  promised you any kind of reward or done anything to get you to

1    plea guilty in this matter?

2                  THE DEFENDANT:  No, sir.

3                  THE COURT:  This is a best interest plea with a

4    factual basis.  Mr. Tart may defer to Mr. McBrayer to set that

5    basis out for you.  If he says something that you believe to be

6    incorrect I want you to stop the process right then so that we

7    can go over the process.  Before we get to that, the general

8    advise of rights I know you have heard that originally when we

9    were in the process but that has been some time ago.  We went

10   over that again with you present?

11                 THE DEFENDANT:  Yes.

12                 THE COURT:  You were here earlier when I gave the

13   advise of rights?

14                 THE DEFENDANT:  Yes, sir, I did.

15                 THE COURT:  Do you understand that advise of

16   rights?

17                 THE DEFENDANT:  Yes, sir.

18                 THE COURT:  Do you have any questions about that?

19                 THE DEFENDANT:  No, sir.

20                 THE COURT:  Mr. McBrayer, were you going to give

21   the factual basis?

22                 MR. MCBRAYER:  Yes, Your Honor.

23                 THE COURT:  You may proceed.

24                 MR. MCBRAYER:  Your Honor, the State would give

25   evidence to show if the case went to trial that the defendant,

1  Messiah Abercrombie, did on June the 5th 2008 while in Shelby

2  County in the course of committing a theft from Willie Morris,

3  used force against the person of Willie Morris with the intent

4  to overcome his physical resistance with power of physical

5  resistance.

6          THE COURT:  Is that the basis or the reason for

7  you pleading guilty in this matter?

8          THE DEFENDANT:  Yes, sir.

9          THE COURT:  Is there anything that you would like

10 to add to that?

11         THE DEFENDANT:  No, sir.

12         THE COURT:  The Court finds that you have

13 knowingly and voluntarily waived your rights and offered your

14 plea.  The Court accepts that plea in case CC-08-1183.  I find

15 you guilty of the crime of robbery in the third degree.

16         MR. TART:  I just want to interrupt.  One

17 additional question.  If he is under the influence of anything

18 today.  I thought that might have been an issue earlier.

19         THE COURT:  Thank you.  And thank you for

20 reminding me.  Are you under the influence of any medication

21 today that might --

22         THE DEFENDANT:  I take medicine.

23         THE COURT:  I understand you take medicine, but

24 the medicine that you are now on, the medication that you are

25 now on is it preventing you from understanding the proceedings?

14

1        THE DEFENDANT:  Not at this point.

2        THE COURT:  Are you suffering or having any

3    difficulty understanding my speech or the meaning of my words?

4        THE DEFENDANT:  No, sir.

5        THE COURT:  Or Mr. Tart?

6        THE DEFENDANT:  No, sir.

7        THE COURT:  Or what the State said so far?

8        THE DEFENDANT:  No, sir.

9        THE COURT:  So you are not suffering from a

10   disability that prevents you from understanding these

11   proceedings today; is that correct?

12       THE DEFENDANT:  Yes, sir.

13       THE COURT:  Do you have anything that you are

14   going to ask a question about or make a comment about that or

15   add to it?

16       THE DEFENDANT:  No, sir.

17       THE COURT:  And so once again what Mr. McBrayer

18   said, is that the basis or reason for you pleading guilty?

19       THE DEFENDANT:  Yes, sir.

20       THE COURT:  Is there anything that you would like

21   to add to that?

22       THE DEFENDANT:  No, sir.

23       THE COURT:  The Court find that you have

24   knowingly and voluntarily waived your rights and offered your

25   plea.  The Court accepts that plea in case CC-2008-1183.  I find

1    you guilty of the crime of robbery in the third degree.  You

2    have a right to have a pre sentence investigation report

3    prepared in this matter.  I understand that you wish to waive

4    that right and be sentenced today; is that correct?

5                    THE DEFENDANT:  Yes, sir.

6                    THE COURT:  Do you have anything to say before

7    sentence is imposed?

8                    THE DEFENDANT:  No, sir.

9                    THE COURT:  Then this Court will impose a

10   sentence of 30 years in the State penitentiary less the time

11   that the clerk will calculate and deduct from this sentence

12   along with the cooperation of the Department of Corrections.

13   You must, of course, comply with all the terms and conditions

14   that are part of the agreement.  Do you have any questions at

15   all about the sentence?

16                   THE DEFENDANT:  No, sir, Judge.

17                   THE COURT:  Do you have any issues that you now

18   wish to reserve for purposes of appeal?

19                   THE DEFENDANT:  Not that I think of, no, sir.

20                   THE COURT:  Now is the time to think of it.

21                   THE DEFENDANT:  No, sir.

22                   THE COURT:  If you don't think of it now then you  ,

23   are waiving it.  Can you think of any?

24                   THE DEFENDANT:  No, sir.

25                   END OF PROCEEDINGS

16

1

2                        C E R T I F  I C A T E

3

4

5           STATE OF ALABAMA

6           COUNTY OF SHELBY

7

8               I hereby certify that the above and foregoing

9    proceedings was taken down by me in stenotype and the questions

10   and answers thereto were reduced to typewriting under my

11   supervision; that the foregoing represents a true and correct

12   transcript of the proceedings given by said witnesses upon

13   hearing.

14               I further certify that I am neither of counsel nor of

15   kin to the parties to the action, nor am I in anywise interested

16   in the result of said cause.

17

18                                _____

19

20                                Commisioner-Notary Public

21

22

23

24

25

1    CERTIFICATE OF COMPLETION OF REPORTER'S TRANSCRIPT FROM

2    THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

3

4    TO: The Clerk of Criminal Appeals

5    STATE OF ALABAMA,

6    V.

7    MESSIAH ABERCROMBIE,          CASE NO. CC-12-1183

8

9    I certify that I have this date completed and filed with the

10   clerk of the trial court the original and 3 copies of a true and

11   correct transcript of the proceedings designated in the

12   reporter's transcript order.  All pages are numbered serially in

13   the upper corner of each page, ending with the number appearing

14   in the upper right corner of this certificate.

15   Dated this 11th day of 2014.

16

17

18   _____

19   JENNIFER HEAD

20   Official Court Reporter

21

22

23

24

25

Altered Transcript 3

EXHIBIT B

Transcript 3
(Note Name is
spelled same
as Transcript 1
with same case
Number

Mesiah Copy

THE CIRCUIT COURT OF

Or the...    SHELBY COUNTY, ALABAMA

4   CASE ACTION NO. CC-08-1183

5

6   STATE OF ALABAMA,

7          Plaintiff,

8   vs.

9   MESIAH ABERCROMBIE,

10         Defendant.

11

12

13

14                    C A P T I O N

15

16         The above entitled cause came on to be heard before

17   the Honorable G. Daniel Reeves, Judge, at the Shelby County

18   Courthouse, Columbiana, Alabama, on the 4th day of August, 2014.

19

20

21

22

23

24

25

1        THE COURT:  Court calls case CC-2008-1183 which
2   is styled State of Alabama versus Mesiah Abercrombie, more
3   appropriately I suppose in this setting Mesiah Abercrombie
4   versus the State of Alabama as petitioner pursuant to a Rule 32
5   of the Alabama Rules of Criminal Procedure challenging the
6   conviction previously -- and sentence previously entered in this
7   case.  I understand that the defendant and the State has reached
8   an agreement?

9        MR. TART:  We have, Your Honor.

10        MR. MCBRAYER:  That's correct.

11        THE COURT:  If counsel will come forward and
12   state that agreement for the record.

13        THE COURT:  If you will state that agreement on
14   behalf of Mr. Abercrombie, at least the general terms, and then
15   we will proceed to take whatever official action we need to.

16        MR. TART:  He will be pleading to one count of
17   robbery third which is a class C felony in return for a 30 year
18   recommendation from the State, that's 30 years straight.  And we
19   are stipulating to three prior felonies, Judge.

20        MR. MCBRAYER:  That's correct, Your Honor.

21        THE COURT:  And I should note that in addition to
22   Mr. Tart obviously Mr. Daniel McBrayer is representing the State
23   along with Mr. Roger Hepburn.  Now, procedurally I believe what
24   I will have to do in order to effectuate this is to in effect
25   grant Mr. Abercrombie's petition for relief from conviction or

1   sentence, set aside the previous plea and sentence and then

2   proceed by agreement to enter the new plea and sentence.  Is

3   that the understanding of both the State and the defense?

4                    MR. MCBRAYER:  Yes, Your Honor.

5                    MR. TART:  Yes, Your Honor.

6                    THE COURT:  Mr. Abercrombie, do you understand

7   these proceedings?

8                    THE DEFENDANT:  Yes, sir.

9                    THE COURT:  I want you to follow along and make

10  sure that you don't have any questions about it.

11                   THE DEFENDANT:  Yes, sir.

12                   THE COURT:  Is this your agreement?

13                   THE DEFENDANT:  Yes, sir.

14                   THE COURT:  Then that being the case what the

15  Court is going to do is to that extent grant Mr. Abercrombie's

16  petition pursuant to Rule 32 of the Alabama Rules of Criminal

17  Procedure setting aside the previous plea and sentence with the

18  understanding that we are now going to proceed to enter the new

19  plea agreement and sentence.  Does the State have that paperwork

20  prepared and ready?

21                   MR. MCBRAYER:  Yes, Your Honor.  Approach Your

22  Honor?

23                   THE COURT:  You may.  Mr. Tart if you will come

24  forward with Mr. Abercrombie.  And I assume this your family

25  that's here Mr. Abercrombie?

1                THE DEFENDANT:  Yes, sir.

2                THE COURT:  Welcome folks.  Just as part of the

3    preparation for this I will note Mr. Abercrombie previously

4    entered a blind plea and as a result of that blind plea and

5    process was sentenced to life without the possibility of parole.

6    He raised several issues as part of that petition and the Court

7    denied that petition.  It was then sent to the Court of Criminal

8    Appeals who reversed my order and remanded to hold a hearing

9    pursuant to the petition that Mr. Abercrombie filed.  Is that

10   your understanding Mr. Tart?

11               MR. TART:  That's correct.

12               THE COURT:  And Mr. McBrayer?

13               MR. MCBRAYER:  It is, Your Honor.

14               THE COURT:  And also Mr. Abercrombie, is that

15   your understanding of the posture of all this?

16               THE DEFENDANT:  Yes, sir.

17               THE COURT:  So as we've already noted what I am

18   going to do now is pursuant to that remand by the Court of

19   Criminal Appeals is after having reached an agreement I'm going

20   to accept and grant your petition to set aside the previous plea

21   and sentence and how we are going to proceed to enter a new plea

22   agreement?  Are you prepared to go forward with that at this

23   time?

24               THE DEFENDANT:  Yes, sir.

25               THE COURT:  Do you have any questions about any

1   of the things we have done so far?

2                   THE DEFENDANT:  No, sir.

3                   THE COURT:  Is there anything that you believe

4   you don't understand about it?

5                   THE DEFENDANT:  No, sir.

6                   THE COURT:  Other than the plea agreement which

7   is now before me, have Mr. Tart, Mr. McBrayer, Mr. Hepburn,

8   anyone involved in this, made you any promise or any assurance

9   of anything else in addition other than what's stated on this

10  paperwork which is now in front of me?

11                  THE DEFENDANT:  Not that, Judge.

12                  THE COURT:  We are going to go over this in just

13  a minute.  If I say something or leave something out I want you

14  to stop the process right then so that we can make those

15  corrections; do you understand?

16                  THE DEFENDANT:  Yes, sir.

17                  THE COURT:  All right.

18                        MESIAH ABERCROMBIE,

19          Was duly sworn and testified as follows:

20                  THE COURT:  And you are in fact Mesiah Laju

21  Abercrombie.  And the middle name is spelled L-a-j-u.

22  A-b-e-r-c-r-o-m-b-i-e.  Is that correct?

23                  THE DEFENDANT:  Yes, sir.

24                  THE COURT:  And it's already noted that you are

25  here with your attorney Mr. Tart.  What this says is you are how

1  going to plea guilty to the crime of robbery in the third degree

2  in case CC-08-1183.  I'm going to show you that plea agreement

3  and ask you is that your signature?

4                    THE DEFENDANT:  Yes, sir, it is.

5                    THE COURT:  There is a second document which is

6  an explanation of your rights and is that your signature?

7                    THE DEFENDANT:  It is.

8                    THE COURT:  Did Mr. Tart, your attorney, go over

9  these documents with you?

10                    THE DEFENDANT:  Yes, sir.

11                    THE COURT:  Did you understand their contents?

12                    THE DEFENDANT:  Yes, sir.

13                    THE COURT:  Do you have any questions about the

14  information that they contain?

15                    THE DEFENDANT:  No, sir.

16                    THE COURT:  There is a third document and it's

17  labeled statement of attorney's representation; is that your

18  signature?

19                    THE DEFENDANT:  Yes, sir, it is.

20                    THE COURT:  That has some checkmarks and answers

21  to the questions; are those your answers?

22                    THE DEFENDANT:  Yes, sir.

23                    THE COURT:  The plea agreement states that you

24  are going to plea guilty to the crime of robbery in the third

25  degree, that you have three prior adult felony convictions

7

1    therefore the State would recommend the Court accept and impose
2    a sentence of 30 years to be served in the state penitentiary.
3    That's less any jail credit in regard to that sentence.  And
4    that -- since the original plea has been set aside that would go
5    back, I assume, to the original date of arrest but we'll let the
6    clerk calculate out all those numbers and advise you of what
7    that number is.

8                    The sentence shall run concurrent with any other
9    case pled this date and any other case in which you currently
10   have a sentence.  You will have to obey all laws and ordinances,
11   avoid all contact will illegal drugs and if required to do so by
12   an authorized officer submit to and pass random drug and/ or
13   alcohol screens.  You are required to pay $500.09 in restitution
14   jointly and severely with any co-defendants.  That would be
15   Willie -- or to Willie and Tommy Morris.  Pay all court cost
16   along with any medical expenses incurred while in the county
17   jail and $50.00 to the Crime Victim's Compensation Fund and you
18   are to have until August 4th 2019 in which to do that.  You also
19   would have to avoid initiating any contact with Willie Morris
20   and Tommy Morris, their family and property.  Is that your
21   agreement?

22                    THE DEFENDANT:  Yes, sir.

23                    THE COURT:  Now did I add anything to that
24   agreement that you were not expecting?

25                    THE DEFENDANT:  No, sir.

1           THE COURT:  Did I leave anything out that you
2   understood was to be part of the agreement?
3           THE DEFENDANT:  Sir?
4           THE COURT:  Did I leave anything out that you
5   thought was supposed to be part of the agreement?
6           THE DEFENDANT:  No, sir.
7           THE COURT:  Also I want to go over now -- I have
8   no idea what if any classification that the Department of
9   Corrections may place you in.  I don't know how they would apply
10  time that you already served or any other incentive time that
11  you may receive.  And are you under any other promise or
12  assurance by anyone here that your sentence could be lessened,
13  reduced or changed or altered so that you would serve any less
14  time other than is reflected in this plea agreement that's now
15  before the Court?
16          THE DEFENDANT:  I know I'm pleading to 30 years.
17          THE COURT:  The reason I'm being careful about
18  this, Mr. Abercrombie, is what you raised in your Rule 32
19  petition is that your attorney, your original attorney, those
20  that were severing you at the time didn't adequately explain to
21  you what your options were.
22          THE DEFENDANT:  Okay.
23          THE COURT:  I want to make sure that you now
24  understand what your options are so that we don't find ourselves
25  in the same posture again.

1        THE DEFENDANT: Yes, sir.

2        THE COURT:  What you are in effect doing is

3    trading a sentence of life without a possibility of parole for a

4    sentence of 30 years in which of course you will either serve

5    that sentence to its end or termination or according to the

6    rules and regulations of the Department of Corrections be

7    released at a time earlier than that according their rules and

8    regulations.  And I'm not making you any assurances about when

9    that release date may be, nor is Mr. Tart, nor is Mr. McBrayer,

10   nor is Mr. Hepburn; is that correct?

11       THE DEFENDANT:  Yes, sir.

12       THE COURT:  You may know more about DOC -- how

13   DOC applies those rules and regulations than I might.  I have

14   not talked with them about it.  Do you understand?

15       THE DEFENDANT:  Yes, sir.

16       THE COURT:  So if you have an impression that's

17   different from that you need to let me know that now.

18       MR. TART:  Can I just say for the record, we have

19   talked about time served credit that he'll get and we estimate

20   that at around five years.  That's the only thing that's not

21   specifically outlined.

22       THE COURT:  You are entitled to a credit for

23   every day you served either in the county jail or in the State

24   penitentiary to this point of today.  Now some of that will be

25   in the nature of jail credit because it's prior to conviction.

1  I don't know that all of it would be, but you would be getting

2  credit for all of it.  How DOC calculates that I can't tell you.

3                  THE DEFENDANT:  Okay.  Yes, sir.

4                  THE COURT:  I know that customarily what they do

5  is when they receive a sentence of 30 years they take the jail

6  credit and take it off the top so that you can convert that to a

7  25 year sentence if indeed it was five year's credit.  Does that

8  make sense?

9                  THE DEFENDANT:  Yeah.  Yes, sir.

10                 THE COURT:  That's the way they ordinarily

11  calculate.  Now what they would do on this occasion I don't

12  know.  I can't say.  Now do you have any questions at all about

13  the plea agreement?

14                 THE DEFENDANT:  No, sir.

15                 THE COURT:  The next document I'm going to show

16  you is an advice of rights document.  I want to make sure that

17  your attorney read that to you and went over it with you

18  completely.  Do you have any questions about that?

19                 THE DEFENDANT:  No, sir.

20                 THE COURT:  And again -- I know I showed this to

21  you before and I'm going to do it one more time, that's the

22  statement of attorney's representation and it asks for several

23  questions.  It says are you completely satisfied with the way    *Rights*

24  your attorney has represented you in this case?                   *NoT done*

25                 THE DEFENDANT:  I am.                              *IN open court*

*Rights*

```
 1                  THE COURT:  And given all the circumstances are
 2    you completely satisfied with the settlement that Mr. Tart has
 3    worked out for you in this matter?
 4                  THE DEFENDANT:  Yes, sir.
 5                  THE COURT:  Are you accepting this settlement
 6    voluntarily and of your own free will?
 7                  THE DEFENDANT:  Yes, sir.
 8                  THE COURT:  Has anyone forced or coerced you or
 9    threatened you or promised you anything or offered you any
10    reward or any other inducement to get you to enter this plea
11    today?
12                  THE DEFENDANT:  No, sir.
13                  THE COURT:  And do you have any complaints at all
14    about your attorney or the legal representation that you
15    received?
16                  THE DEFENDANT:  No, sir.
17                  THE COURT:  Now the range of punishment that I
18    could impose if you were convicted of the crime of robbery in
19    the third degree with three prior adult felony convictions would
20    be a term in the penitentiary of not less than 15 years, no more
21    than 99 years or life imprisonment and a fine which could not
22    exceed $60,000.  Do you understand what crime you are now
23    pleading guilty to, robbery in the third degree?
24                  THE DEFENDANT:  Yes, sir.
25                  THE COURT:  Do you understand the range of
```

```
 1   punishment that I could impose if you were convicted of this
 2   crime?
 3                THE DEFENDANT:  Yes, sir.
 4                THE COURT:  Is there any element of the crime
 5   that you are now charged with that you would like me to explain
 6   to you further?
 7                THE DEFENDANT:  No, sir.
 8                THE COURT:  Is there any part of the indictment
 9   originally charging you with the crime in this matter that you
10   would like me to read to you again?
11                THE DEFENDANT:  No, sir.
12                THE COURT:  Then having gone over all of this
13   with you in case CC-08-1183 the crime of robbery in the third
14   degree how do you wish to plea?
15                THE DEFENDANT:  Plea guilty.
16                THE COURT:  Are you making this plea knowingly
17   and voluntarily and of your own free will?
18                THE DEFENDANT:  Yes, sir.
19                THE COURT:  Has anyone forced or coerced or
20   promised you any kind of reward or done anything to get you to
21   plea guilty in this matter?
22                THE DEFENDANT:  No, sir.
23                THE COURT:  This is a best interest plea with a
24   factual basis.  Mr. Tart or he may defer to Mr. McBrayer to set
25   that basis out for you.  If he says something that you believe
```

 1    to be incorrect I want you to stop the process right then so

 2    that we can go over that process.  Before we do that I have one

 3    other question.  We did do a general advice of rights and I know

 4    you have heard that originally when we were in this process but

 5    that's been some time ago.  We went over it again with you

 6    present?

 7                  THE DEFENDANT:  Yes.

 8                  THE COURT:  And you were here earlier when I did

 9    the advice of rights?

10                  THE DEFENDANT:  Yes, sir, I did.

11                  THE COURT:  Did you understand that advice of

12    rights?

13                  THE DEFENDANT:  Yes, sir.

14                  THE COURT:  Do you have any questions about that?

15                  THE DEFENDANT:  No, sir.

16                  THE COURT:  Mr. McBrayer, were you going to give

17    the factual basis?

18                  MR. MCBRAYER:  Yes, Your Honor.

19                  THE COURT:  You may proceed.

20                  MR. MCBRAYER:  Thank you, Your Honor.  Your

21    Honor, the State would expect the evidence to show if the case

22    went to trial that the defendant, Mesiah Abercrombie, did on

23    June the 5th 2008 while in Shelby County in the course of

24    committing a theft from Willie Morris use force against the

25    person of Willie Morris with the intent to overcome his physical

1    resistance or power of physical resistance.

2                THE COURT:  Is that the basis or the reason for

3    you pleading guilty in this matter?

4                THE DEFENDANT:  Yes, sir.

5                THE COURT:  Is there anything that you would like

6    to add to that?

7                THE DEFENDANT:  No, sir.

8                THE COURT:  The Court finds that you have now

9    knowingly and voluntarily waived your rights and offered your

10   plea.  The Court accepts that plea and in case CC-08-1183 I find

11   you guilty of the crime of robbery in the third degree --

12               MR. TART:  Your Honor, I hate to interrupt.  If

13   we could just add one additional question if he is under the

14   influence of anything today.  I believe that might have been an

15   issue earlier.

16               THE COURT:  Thank you, Mr. Tart.

17               MR. TART:  Sure.

18               THE COURT:  And thank you for reminding me.  Are

19   you under the influence of any medication today that would

20   prevent you from understanding any part of the plea agreement?

21               THE DEFENDANT:  I take medicine.

22               THE COURT:  I understand you take medicine but is

23   the medicine that you are now on is it preventing you from

24   understanding what you are doing right now?

25               THE DEFENDANT:  No, not at this point.

1               THE COURT:  Are you suffering -- are you having

2    any difficulty understanding my speech or the meaning of my

3    words?

4               THE DEFENDANT:  No, sir.

5               THE COURT:  Or with your attorney Mr. Tart?

6               THE DEFENDANT:  No, sir.

7               THE COURT:  Or anything that the State said so

8    far?

9               THE DEFENDANT:  No, sir.

10              THE COURT:  So you are not suffering a disability

11   that would prevent you from understanding these proceedings

12   today; is that correct?

13              THE DEFENDANT:  Yes, sir.

14              THE COURT:  Do you have anything that you are

15   going to ask a question about that or make a comment about it or

16   add to it?

17              THE DEFENDANT:  No, sir.

18              THE COURT:  And so once again what Mr. McBrayer

19   said, is that the basis or reason for you pleading guilty?

20              THE DEFENDANT:  Yes, sir.

21              THE COURT:  Is there anything that you would like

22   to add to that?

23              THE DEFENDANT:  No, sir.

24              THE COURT:  Then the Court finds that you have

25   knowingly and voluntarily waived your rights and offered your

1    plea.  The Court accepts that plea and in case CC-2008-1183 I

2    find you guilty of the crime of robbery in the third degree.

3    You have a right to have pre sentence investigation report

4    prepared in this matter but I understand that you wish to waive

5    that right and be sentenced today; is that correct?

6                THE DEFENDANT:  Yes, sir.

7                THE COURT:  Do you have anything to say before

8    sentence is imposed?

9                THE DEFENDANT:  No, sir.

10               THE COURT:  Then this Court will impose a

11    sentence of 30 years in the State penitentiary less the time

12    credit that the court clerk will calculate and deduct from this

13    sentence along with the cooperation of the Department of

14    Corrections.  You must, of course, comply with all the other

15    terms and conditions that are part of the agreement.  Do you

16    have any questions at all about the sentence?

17               THE DEFENDANT:  No, sir, Judge.

18               THE COURT:  Do you have any issues that you now

19    wish to reserve for purposes of an appeal?

20               THE DEFENDANT:  Not that I they think of, no,

21    sir.

22               THE COURT:  Now is the time to think of it.

23               THE DEFENDANT:  No, sir.

24               THE COURT:  If you don't think of it now then you

25    are waiving it.  Can you think of any?

1                    THE DEFENDANT:   No, sir.

2                    END OF PROCEEDINGS

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

18

1                    C E R T I F  I C A T E

2

3

4          STATE OF ALABAMA

5          COUNTY OF SHELBY

6

7               I hereby certify that the above and foregoing

8     proceedings was taken down by me in stenotype and the questions

9     and answers thereto were reduced to typewriting under my

10    supervision; that the foregoing represents a true and correct

11    transcript of the proceedings given by said witnesses upon

12    hearing.

13              I further certify that I am neither of counsel nor of

14    kin to the parties to the action, nor am I in anywise interested

15    in the result of said cause.

16

17                              _____

18

19                              Commisioner-Notary Public

20

21

22

23

24

25