FILED

2018 Aug-03  PM 01:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| MESIAH ABERCROMBIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  2:16-cv-02009-ACA-JHE |
| | ) | |
| JENNIFER HEAD, | ) | |
| | ) | |
| Defendant. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States.  (Doc. 1).  The plaintiff names Jennifer Head as the defendant and seeks injunctive relief.  (*Id.* at 1 & 5).  In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation.  *See McCarthy v. Bronson*, 500 U.S. 136 (1991).

### I. Standard of Review

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against government officers or employees.  The court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which does not state a claim upon which relief can be granted.  *Id.*  Moreover, the court may *sua sponte* dismiss a prisoner's complaint prior to service.  *See* 28 U.S.C. § 1915A(a).

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim

is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a legal right that clearly does not exist. *Id*. at 327.

Moreover, a complaint may be dismissed pursuant to 28 U.S.C. § 1915A (b)(1) for failure to state a claim upon which relief may be granted. A review on this ground is governed by the same standards as dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). In order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 557 (2007) (alteration incorporated). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Similarly, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they still must allege factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke,* 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

### A.  Allegations in the Complaint

On August 4, 2014, the plaintiff "entered a joint agreement with the State" and pleaded guilty to Robbery Third Degree before Circuit Court Judge Daniel Reeves in Shelby County,

Alabama.  (Doc. 1 at 2-3, 15).  Judge Reeves sentenced the plaintiff as a habitual felony offender to thirty years in prison.  (*Id.* at 3).  Defendant Jennifer Head acted as court reporter during the plea hearing.  (*Id.* at 2).

The plaintiff alleges he was informed at the hearing "that [parole] was part of his plea" and references an "affidavit" attached to his complaint.  (*Id.* at 3, 9).  The plaintiff declares he "cannot cite [that parole was part of his plea] in an appeal and/or subsequent Rule 32 petition because neither" defendant Head "nor the judges"[1] will produce the **REAL** transcript of these proceedings."  (*Id.* at 3).

The only "affidavit" in the sixty-nine pages of exhibits attached to the complaint is a Motion to Correct or Supplement the Record on Appeal, signed by the plaintiff under penalty of perjury and filed in the Circuit Court of Shelby County, Alabama, on January 9, 2016.  (*Id*. at 19).  In that motion, the plaintiff stated generally that there were omitted words, sentences, and statements when his copy of the plea transcript and the district attorney's transcript were compared.  (*Id.* at 20).  He asked the court to correct one statement in the transcript that reads, "No Judge" because he actually stated "Not that, Judge" to the following question by Judge Reeves:

> THE COURT:  Other than the plea[] agreement which is now before me have Mr. Tart [defense counsel,] Ms. McBrayer [prosecutor], Mr. Hepburn anyone involved in this made you any promises or any assurance of anything else in addition other than what stated on this paper which is now in front of me?

(*Id.*).

The plaintiff admits he has received no less than three transcript copies of the August 4, 2014 hearing, all of which are attached to the complaint.  (*Id.* at 3-4, 20, 23-79).  He declares

---

[1] The plaintiff places a footnote at this juncture writing, "The matter was initially heard by Circuit Court Judge G. Daniel Reeves.  Judge Reeves has since retired from the bench and Judge Lara Alvis now presides in that seat."  (Doc. 1 at 3, n.1).

"Transcript 1 and Transcript 3" are "nearly identical.  However, they differ from Transcript 2 in several respects[.]"  (*Id.* at 3).  He admits most of the differences are minor spelling changes or the addition of a word (or words) that in no way change(s) the meaning of the information transcribed.  (*Id.* at 3-4).  He also asserts that one of the transcript copies has the incorrect case number (*Id.* at 8) (pointing out case number 12-1183 as opposed to 08-1183).

The plaintiff does complain that none of the copies are "in compliance [with] authentication, iden[t]ification and certification rules" because Ms. Head did not sign the copies.  (*Id.* at 7-8, 24, 44, 62).  He simultaneously admits Ms. Head "certified that all these transcripts are complete and accurate."  (*Id.* at 4).

A review of the transcripts reveals Ms. Head's signature on the certification page of Transcript I.  (*Id.* at 4, 41-42).  Ms. Head signed the certification on March 9, 2016, upon submission to the Alabama Court of Criminal Appeals on collateral review.  (*Id.* at 41-42).  The certified transcript records the plaintiff's answer to the trial court question at issue as being "Not that, Judge," which is the correction the plaintiff requested.  (*Id.* at 28).  Transcripts II and III do not appear to be certified.  (*Id.* at 59-60, 79).

Because the line and page number on each transcript do not match up seamlessly, the plaintiff maintains the transcripts are not accurate, even though Ms. Head has certified they are.  (*Id.* at 4).[2]  He makes conclusory allegations of "nepotism between" defense counsel "and the

---

[2] This court "may take judicial notice" of state court proceedings."  *Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984) (citing *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir. 1976)).  *See also*, Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").  The undersigned notes the plaintiff declares that he was able to get his original life sentence vacated in the first place because the "appellate court could not trust" or "reconcile the differences in the trial court record."  (Doc. 1 at 4).  This is false.

court," complains "conspirator Ms. Head removed this nepotism evidence from the record," declares the trial court accepted Ms. Head's affidavit as evidence and refused to allow him to confront her when the judge denied presentation of the evidence via post-conviction hearing, and argues the Alabama Court of Criminal Appeals "did not address" his other meritorious claims on collateral appeal.  (*Id.* at 7).

The plaintiff alleges the "state courts have denied" his "repeated requests for the real transcript" and claims Ms. Head not only deprived him of his First Amendment right "to petition the court" but also sabotaged his right "to a successful and effective appeal."  (*Id.* at 3, 8).  He demands the court order Ms. Head to produce the August 4, 2014, "real, original transcript" and "audio recording from which the transcript was transcribed" and to state in court who told her to make changes in the transcripts so that he can pursue this matter in state court appellate proceedings or by filing another Rule 32 petition.   (*Id.* at 3, 5).

**B.  State Court Proceedings**

In May 2015, the plaintiff purchased a copy of the August 4, 2014 plea transcript from Ms. Head.  *Messiah Abercrombie v. State of Alabama*, CC-2008-001183.61 ("*Abercrombie*"), doc. 20.[3] On July 29, 2015, the plaintiff filed a Rule 32 petition challenging his 2014 conviction and sentence, claiming he entered the guilty plea because defense counsel erroneously told him that "he could be paroled as soon as he return[ed] back to the Correctional facility."  *Abercrombie*, doc. 1 at 9.

_____

The Alabama Court of Criminal Appeals reversed the trial court's denial of the plaintiff's Rule 32 petition and remanded the case "with instructions" to allow the plaintiff an opportunity to prove that his trial counsel had given him erroneous sentencing advice.  *Mesiah Abercrombie v. State of Alabama,* CC-2008-1183.60, doc. 47 (Ala. Crim. App. Jan. 30, 2015).   Available at www.alacourt.gov.

[3] All documents from Abercrombie's state court case are available at www.alacourt.com.

The plaintiff pointed to a portion of the transcript "when the trial court asked" him "did anyone promise[] him anything or ma[k]e assurance[s] of anything other than what's stated on trial court paperwork in front of him," and he responded, "Not That Judge." *Abercrombie*, doc. 1 at 27 (citing transcript 5 R-6-11). He argued this response was "referring to the parole that [defense counsel] advised that he would receive if he plead[ed] guilty." *Id.* Next, the plaintiff asserted immediately after the trial court stated he would accept the guilty plea, trial counsel interrupted and reminded the court to ask the plaintiff if he was on any medication that would affect his ability to enter a plea, and the court proceeded to ask those questions. *Id.* at 26. The plaintiff alleged counsel intentionally interrupted to cover up his erroneous advice about parole. *Id.* at 26-27.

On September 14, 2015, Judge Reeves denied the petition. *Abercrombie*, doc. 6. The pertinent portion of that opinion reads:

> Abercrombie's claim that his attorney incorrectly advised him as to his parole date is in direct conflict with the record as noted in the state's response. On multiple occasions the court instructed Abercrombie about his plea and the consequence of entering said plea. On each occasion Abercrombie acknowledged he understood and had no questions. It is inconceivable that the information given by the court be in direct conflict with the information he claims was provided by his attorney and not at least motivate Abercrombie to inquire as to the difference. When asked, Abercrombie denied that anyone had made an assurance of anything different.

*Id.*

On December 7, 2015, the Clerk for the Alabama Court of Criminal Appeals notified Ms. Head that the transcript on appeal had been due on November 23, 2015, but the Court had yet to receive it. (Doc. 1 at 12). The Court afforded Ms. Head until December 28, 2015, to complete and file the transcript or the case would be remanded to the trial court for specific action regarding the delinquency. (*Id*). On December 31, 2015, the plaintiff filed a motion to remand the case to

the trial court for a Rule 32 hearing based on Ms. Head's failure to file a certified copy of the transcript on December 28, 2015. (*Id.* at 15-17).

As discussed *supra*, on January 9, 2016, the plaintiff filed the Motion to Correct or Supplement the Record on Appeal in the Circuit Court of Shelby County, Alabama. (*Id.* at 19-21). To reiterate, he stated generally that there were omitted words, sentences and statements upon comparison of his copy of the transcript and the district attorney's copy. (*Id*. at 19-20). He asked the court to correct one statement in the transcript that read, "No Judge" when he actually stated, "Not that, Judge." (*Id.* at 20-21). On March 9, 2016, almost four (4) months after the due date of the transcript on appeal, Ms. Head certified the transcript to the Alabama Court of Criminal Appeals. (*Id.* at 41-42). That transcript contains the "Not that, Judge" change the plaintiff desired. (*Id.* at 28).

On April 20, 2016, the Alabama Court of Criminal Appeals reversed Judge Reeves' denial of the Rule 32 petition, finding that the plaintiff had stated on the face of the petition a valid ineffective assistance of counsel claim to the extent he alleged counsel gave him erroneous advice about parole eligibility. *Abercrombie*, doc. 17. The appellate court directed the trial court to afford the plaintiff an opportunity to prove his claim and "on due return" "make specific written findings of fact regarding" the claim. *Id*.

On June 8, 2016, Circuit Court Judge Lara Alvis granted the State's motion to "submit evidence by written evidence in lieu of hearing." *Abercromie*, doc. 45.[4] On June 14, 2016, the plaintiff filed a Motion to Supplement the Rule 32 petition. *Abercrombie*, doc. 47 at 1. He attached "three separate and altered transcripts of the August 4, 2014," hearing to the motion and alleged

---

[4] Pursuant to Rule 32.9, Ala. R. Crim. P., "[t]he court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of a hearing."

"[m]aterial testimony was removed from the transcripts in a clear and blatant attempt to cover up the fact that Petitioner's trial counsel misinformed him that he would be paroled as soon as he returned back to the Department of Corrections." *Id.*

On June 16, 2016, the State's counsel filed a response, asserting the transcripts were "nearly identical," that the court reporter had reviewed all three transcripts and stated that "the differences are scrivener's error only." *Abercrombie*, doc. 52 at 2.  The State "welcome[d] the Court to view them to make the same determination." *Id.*  The plaintiff's counsel responded to the State's reply, claiming he "discovered over 100 alterations and deletions in the three versions of the transcript.  Whole sentences and paragraph[s] have been removed from transcript to transcript." *Abercrombie*, doc. 55 at 1.  Counsel demanded the opportunity to "subpoena and compel" Head's testimony.  *Id.*

On June 17, 2016, Judge Alvis granted the plaintiff's motion to supplement the record. *Abercrombie*, doc. 57.  She also denied the plaintiff's motion to reply to the State's response to his motion.  *Abercrombie*, doc. 59.  Judge Alvis "reviewed the transcripts" and expressly held that she found "no material differences in the transcripts that would prejudice [the plaintiff] in any way." *Id*.  In her order on remand denying the plaintiff's Rule 32 petition, Judge Alvis quoted extensive portions of the transcript, reviewed additional evidence, and denied the Rule 32 petition after finding the plaintiff's claims meritless.  *Abercrombie*, doc. 61.

On June 20, 2016, the Clerk for the Alabama Court of Criminal Appeals requested the Shelby County Circuit Court Clerk to "place the [June 17, 2016,] order and the transcripts and affidavits referenced in the order in a record on return to remand." *Abercrombie*, doc. 70.  On October 14, 2016, the Alabama Court of Criminal Appeals held that Judge Alvis's findings were "supported by the record." *Abercrombie,* doc. 76 at 5-6.  The appellate court also stated,

8

> it is not clear how the transcript is germane to the claim that was the subject of this
> Court's remand order.  Specifically, there is no allegation that trial counsel's
> alleged promise of parole was made on the record.  In fact, according to the
> affidavits attached to Abercrombie's brief on return to remand, the promise was
> made before the hearing and in the presence of Abercrombie's mother, aunt, and
> sister.

*Id.* at 8 n.8.

On November 18, 2016, the plaintiff's application for rehearing was denied.  *Abercrombie*,

doc. 77.  On January 17, 2017, a certificate of judgment was entered.  *Abercrombie*, doc. 78.

### III. Analysis

The plaintiff asserts § 1983 claims based on alleged violations of the First and Fourteenth

Amendments.  Specifically, the plaintiff claims Ms. Head not only deprived him of his First

Amendment right "to petition the court[,]" but also sabotaged his right "to a successful and

effective appeal."  (*Id.* at 3, 8).  He further alleges that "errors and omissions in his transcript

prejudice[]d an appeal of his conviction"  and claims the existence of intentional tampering with a

transcript that prejudices a defendant's appeal can be a violation of due process.  (Doc. 1 at 2)

(citing *Burrell v. Swartz*, 559 S. Supp. 91, 92 (S.D. N.Y. 1983)).  Finally, he asserts the failure of

the State "to afford a fair and adequate procedure for settling transcripts on which to base such an

appeal can also be a due process violation."  (*Id.*) (citing *United States v. Pratt*, 645 F.2d 89, 91

(1st Cir. 1981)).  As relief, the plaintiff demands the court order Ms. Head to produce the August

4, 2014 "real, original transcript" and "audio recording from which the transcript was transcribed"

and to state in court who told her to make changes in the transcripts so that he can pursue this

matter in state court appellate proceedings or by filing another Rule 32 petition.  (Doc. 1. at 3, 5).

#### 1. *Rooker-Feldman* Doctrine

The plaintiff's complaint is due to be dismissed for lack of jurisdiction pursuant to the

*Rooker -Feldman* doctrine.  The *Rooker -Feldman* doctrine dictates that United States District

Courts "do not have [subject matter] jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may only be had in . . . [the United States Supreme Court]."  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983).[5]  While plaintiff does allege First Amendment and Due Process violations, what he is really complaining about is the adverse rulings he received from the Shelby County Circuit Court and the Alabama Court of Criminal Appeals.  Accordingly, this Court lacks jurisdiction to render any judgment over plaintiff's claims.

### 2.  Frivolity of § 1983 Claims Based on Transcript

Alternately, "[a] plaintiff does not have a constitutional right to a totally accurate transcript of his criminal trial.  His constitutional rights would be violated only if inaccuracies in the transcript adversely affected the outcome of the criminal proceeding."  *Tedford v. Hepting*, 990 F .2d 745, 747 (3rd Cir. 1993).  The plaintiff has not alleged facts to plausibly suggest that the transcript changes or inaccuracies had any effect on the outcome of his post-conviction case.  In fact, the plaintiff achieved the transcript change he desired and based his ineffectiveness claim on that change, but the state court rejected the claim.  Even if the state court did not accept the change, the court also found no material differences in the recorded response about which the plaintiff complains when rejecting the claim.  Therefore, any claim the plaintiff brings based on the accuracy of his sentencing transcript is frivolous, fails to state a claim upon which relief can be granted, and is due to be dismissed.

Additionally, the plaintiff alleged facts to suggest Ms. Head's four-month delay in certifying the plea transcript to the Alabama Court of Criminal Appeals resulted in a violation of

---

[5] *See also Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-416 (1923).

his right to due process.  By his own admission, the plaintiff had a copy of the transcript several months before he filed his Rule 32 petition.  In *United States v. Pratt*, 645 F.2d at 91, the case he relies upon to support this due process claim, the First Circuit held that a nine-month delay in obtaining a trial transcript was not unconstitutional delay justifying reversal of the defendant's conviction.  Accordingly, even if the court had jurisdiction, the plaintiff's due process claim against Ms. Head would be due to be dismissed for failure to state a claim upon which relief can be granted.[6]

### 3.  Habeas Corpus

To the extent the plaintiff is complaining that he was denied fair post-conviction review because of the court reporter's or the state courts' actions, he is challenging the fact or duration of his confinement and his remedy is a writ of habeas corpus.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus).

### IV. Recommendation

For the reasons stated above, the undersigned **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** for **LACK OF SUBJECT MATTER JURISDICTION.**  Alternatively, the undersigned **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1), as frivolous and for failing to state a claim upon which relief can be granted.

---

[6] This ground assumes, without declaring, the defendant would be a state actor for the purposes of 42 U.S.C. § 1983.

### V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within fourteen (14) calendar days from the date the report and recommendation is entered.  Objections should specifically identify all findings of fact and recommendations to which objection is made and the specific basis for objection.  Failure to object to factual findings will bar later review of those findings, except for plain error.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Dupree v. Warden*, 715 F.3d 1295, 1300 (11th Cir. 2013).  Objections also should specifically identify all claims contained in the complaint that the report and recommendation fails to address.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

On receipt of objections, a United States District Judge will make a *de novo* determination of those portions of the report and recommendation to which specific objection is made and may accept, reject, or modify in whole or in part, the findings of fact and recommendations made by the magistrate judge.  The district judge also may refer this action back to the magistrate judge with instructions for further proceedings.

The plaintiff may not appeal the magistrate judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  The plaintiff may only appeal from a final judgment entered by a district judge.

DONE this 3rd day of August, 2018.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE